911 F.2d 740
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory THOMPSON, Defendant-Appellant.
 No. 89-10402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1990.*
Decided Aug. 20, 1990.
 Before CHAMBERS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On October 20, 1986, Thompson was sentenced to five years' imprisonment and a special parole term of five years for having imported 480 pounds of marijuana on August 21, 1985. Upon defendant's FRCrP 35(b) motion, his sentence was reduced on March 16, 1987, to two years imprisonment and a special parole term of eight years. On May 23, 1989, he filed a motion to correct illegal sentence under FRCrP 35(a), arguing that the statute did not provide for a special parole term. This motion was denied and Thompson appeals.
 
 
 3
 Thompson was sentenced under 21 USC Sec. 960. When enacted in 1970, it provided for special parole terms for those convicted of importing marijuana:
 
 
 4
 If a sentence under this paragraph provides for imprisonment, the sentence shall, in addition to such term of imprisonment, include (A) a special parole term of not less than two years if such controlled substance is in schedule I, II, III, or (B) a special parole term of not less than one year if such controlled substance is in schedule IV.
 
 
 5
 Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub L No 91-513, Sec. 1010(b)(2), 84 Stat 1236, 1290, codified at 21 USC Sec. 960(b)(2)(1970).
 
 
 6
 This penalty provision was amended by the Comprehensive Crime Control Act of 1984, Pub L No 98-473, 98 Stat 1976 (1984). Some confusion has arisen because different chapters of the Comprehensive Crime Control Act went into effect at different times. We held in United States v Torres, 880 F2d 113, 114 n 1 (9th Cir 1989), cert denied 110 SCt 873 (1990), that Chapter II, the Sentencing Reform Act, went into effect on November 1, 1987, while Chapter V, the Drug Enforcement Amendments, went into effect immediately upon enactment on October 12, 1984. The amendments to section 960 are contained in Chapter V, Sec. 504. Section 504 did not remove the special parole provisions. Following the cut and paste instructions contained in section 504, we find that it amended 21 USC Sec. 960(b)(2), the statute Thompson was sentenced under, to read as follows:
 
 
 7
 In the case of a violation under subsection (a) with respect to a controlled substance in schedule I or II, the person committing such violation shall, except as provided in paragraphs (1) and (3), be imprisoned not more than fifteen years, or fined not more than $125,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.
 
 
 8
 See Pub L No 91-513, Sec. 1010(b), 84 Stat at 1290, as amended by Pub L No 98-473, Sec. 504, 98 Stat at 2070.
 
 
 9
 Chapter II, Sec. 225, of the Comprehensive Crime Control Act further amended section 960(b)(2). Section 225(a)(2) deleted the special parole provision. 98 Stat 2030. Chapter II, however, did not go into effect until November 1, 1987. Torres, 880 F2d at 114 n 1. Thus, the special parole provision remained in effect from October 12, 1984, to November 1, 1987. Thompson, who committed his crime and was sentenced between those dates, was properly given a special parole term.
 
 
 10
 Thompson argues that Torres held that Chapter V repealed all special parole terms as of October 12, 1984. AOB 9. This is simply incorrect. Torres held that Chapter V repealed the special parole provision of 21 USC Sec. 841, a different penalty statute. This conclusion was based on the specific amendments made to section 841. Torres did not address specific parole terms generally, and did not address the amendments made to section 960.
 
 
 11
 This statutory puzzle has a clear answer. We have unraveled the specific changes made to section 960 and conclude that Thompson's special parole term was properly imposed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3